# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LAWSON,<br>        Plaintiff,<br>v.<br>BMW OF NORTH AMERICA LLC, et al.,<br>        Defendants. | Case No. 21-cv-02063-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br>[Re: ECF No. 11] |

Plaintiff Michael Lawson ("Plaintiff") brought this action against BMW of North America ("BMWNA") and Stevens Creek B, Inc. ("Stevens Creek", together with BMWNA, "Defendants") in Santa Clara County Superior Court, seeking damages from Steven Creek for negligent repair and restitution and damages from BMWNA for breach of express warranty under California's Uniform Commercial Code and the Magnuson-Moss Warranty Act ("MMWA"). ECF 1, Ex. A ("Compl."). BMWNA removed the action to this Court, alleging federal question jurisdiction under 28 U.S.C. § 1331. *See* ECF 1 ¶ 4. Before the Court is Plaintiff's Motion to Remand to state court, in which Plaintiff argues that the Court lacks subject matter jurisdiction and cannot exercise supplemental jurisdiction, or, in the alternative, that the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims because comity principles weigh in favor of remand. ECF 11 ("Mot." or "Motion"). BMWNA opposes the Motion, arguing this Court has original jurisdiction over Plaintiff's MMWA claim and should exercise supplemental jurisdiction over Plaintiff's two state law claims. Opp'n, ECF 12. For the following reasons, the Court DENIES Plaintiff's Motion to Remand.

## I. BACKGROUND

On or about April 4, 2020, Plaintiff purchased a 2017 BMW M4 covered by BMWNA's express warranty. Compl. ¶¶ 5, 9. Plaintiff alleges the vehicle is defective. *Id.* ¶ 10. He claims that he brought the vehicle to BMWNA's authorized repair facilities on numerous occasions, first to Stevens Creek approximately twenty-three days after he initially purchased it. *Id*. ¶¶ 10-11, 32. Plaintiff further alleges that each attempted repair was unsuccessful. *Id*. ¶ 12. Pointing to the BMWNA's authorized repair facilities' failure to adequately repair the defect, Plaintiff brings two claims against BMWNA for breach of express warranty under California's Uniform Commercial Code and breach of the MMWA. *Id.* ¶¶ 7-29. Plaintiff also asserts a negligent repair claim against Stevens Creek premised on its alleged failure to repair the vehicle. *Id.* ¶¶ 30-36.

Plaintiff filed the Complaint in Santa Clara County Superior Court on January 13, 2021. Compl. at 1. BMWNA removed the case to this Court on March 24, 2021. ECF 1 at 1. Plaintiff filed the Motion on April 23, 2021. Mot. at 1. The Court thereafter found the Motion suitable for disposition without oral argument and vacated the hearing on the Motion. *See* ECF 22. Stevens Creek remains unserved in this action.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). When the Court determines that it lacks subject matter jurisdiction over an action that has been removed to federal court, the Court must remand the case to state court. *Polo v.*

*Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.").

### III.   DISCUSSION

Plaintiff seeks to remand this matter back to Santa Clara County Superior Court on the grounds that this Court lacks subject matter jurisdiction and thus cannot exercise supplemental jurisdiction. Mot. at 1-2. He also argues that comity principles weigh in favor of remanding this matter to California state court. *Id*. However, Defendants' Notice of Removal correctly notes that this Court has original jurisdiction over Plaintiff's MMWA claim and supplemental jurisdiction over Plaintiff's state law claims. ECF 1 ¶¶ 4, 7-10. Because the Court has original jurisdiction over Plaintiff's MMWA claim and supplemental jurisdiction over Plaintiff's claims for breach of warranty and negligent repair, and because the Court finds that comity principles do not require remand, the Court will deny the Motion.

#### A.   Original Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a cause of action is created by federal law, that action "arises under" the laws of the United States for purposes of establishing subject matter jurisdiction. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002). Separately, the MMWA specifically allows a consumer to bring a claim against a warrantor "in an appropriate district court of the United States." 15 U.S.C. § 2310(d)(1)(B). However, such a claim is not cognizable in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." *Id*. § 2310(d)(3)(B).

As an initial matter, Plaintiff states that he "never contested" that the Court has federal question jurisdiction over the MMWA claim. Opp'n at 2. Because the Court has an independent obligation to assure itself of its original jurisdiction, it briefly analyzes the question. *F/W PBS, Inc. v. City of Dallas*, 439 U.S. 215, 231 (1990). The Court finds that it does have subject matter jurisdiction over Plaintiff's MMWA claim. First, pursuant to 28 U.S.C. § 1331, the claim is

1 created by federal statute and therefore "arises under" federal law. *See* Compl. ¶¶ 17-29. Second,
2 the amount in controversy exceeds $50,000. The notice of removal indicates that the vehicle at
3 issue was purchased for $48,600, ECF 1 ¶ 6, Ex. C, and the Complaint seeks reimbursement of the
4 entire amount paid or payable for the vehicle, incidental and consequential damages, all attorneys'
5 fees, and pre-judgment interest. Compl. ¶¶ 25-29, p. 6. Should Plaintiff succeed in this action and
6 be granted "replacement or restitution" as requested, the reasonable award of attorneys' fees and
7 costs to cover what Plaintiff additionally spent on repairs would make up the difference between
8 the value of replacement or restitution and the $50,000 amount in controversy requirement. *See*
9 *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002) (attorneys' fees
10 included in amount-in-controversy in lemon car case). Accordingly, the Court has original
11 jurisdiction over the MMWA claim.[1]

### B. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), a district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [such court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The state and federal claims must "derive from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1359 (9th Cir. 1988)

Plaintiff argues the Court lacks supplemental jurisdiction over his state law claims because his breach of warranty claims require a different factual showing than the negligent repair claim. Mot. at 5-6. But Plaintiff does not cite any authority for the proposition that claims must be composed of similar elements or rest on precisely the same factual showing in order to arise from a "common nucleus of operative fact." *Gibbs*, 383 U.S. at 725. While Plaintiff's negligent repair claim may require him to prove additional facts on top of those supporting his breach of warranty

---

[1] Plaintiff also argues that the Court does not possess diversity jurisdiction over this matter. Mot. at 7. The Court need not address this argument because federal question jurisdiction provides an independent basis for the Court's original jurisdiction.

1  claims, each claim arises from the same "common nucleus of operative fact": Plaintiff purchased
2  an allegedly defective automobile, brought it to Defendants for repair, and Defendants allegedly
3  failed to repair the vehicle. Plaintiff "would ordinarily be expected to try them all in one judicial
4  proceeding"—indeed, he has done so by bringing all of the claims in this lawsuit. If Defendants
5  had adequately repaired the vehicle, Plaintiff would not be able to bring any of the claims found in
6  the Complaint.

7  Plaintiff finally argues that even if the Court could exercise supplemental jurisdiction over
8  the state law claims, it should refrain from doing so. Mot. at 6-8. A district court may decline to
9  exercise supplemental jurisdiction over state law claims if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

14  28 U.S.C. § 1367.

15  Plaintiff makes the conclusory assertion that his state law claims predominate over his
16  MMWA claim, Mot. at 6, but he cites no authority in support of this position and provides no
17  additional argument. He further argues that general principles of comity weigh in favor of remand
18  because his UCC and negligent repair claims rely exclusively on state law and regulation, which
19  California courts should adjudicate. *Id.* at 6-8. This fact alone is unpersuasive, given that the
20  purpose of supplemental jurisdiction is to give federal courts authority to hear claims based on
21  state law that arise out of a common nucleus of operative fact as claims over which it has original
22  jurisdiction. *See* 28 U.S.C. § 1367; *Gibbs*, 383 U.S. at 725. A remand of only the state law claims
23  would represent an inefficient use of judicial resources. The Court thus finds that exercising
24  supplemental jurisdiction over the state law claims is appropriate.

25  / / /
26  / / /
27  / / /
28  / / /

**IV. ORDER**

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

Dated:  October 14, 2021

_____
BETH LABSON FREEMAN
United States District Judge