UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LAWSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA LLC, et al.,<br><br>        Defendants. | Case No. 21-cv-02063-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>[Re: ECF No. 36] |

Plaintiff Michael Lawson ("Plaintiff") brings this action against BMW of North America ("BMWNA") and Stevens Creek B, Inc. ("Stevens Creek", together with BMWNA, "Defendants"), seeking damages from Stevens Creek for negligent repair and restitution and damages from BMWNA for breach of express warranty under California's Uniform Commercial Code and the Magnuson-Moss Warranty Act ("MMWA"). ECF 1, Ex. A ("Compl."). Before the Court is Plaintiff's motion for leave to file a First Amended Complaint. *See* ECF No. 36 ("Mot."); *see also* ECF No. 39 ("Reply"). BMWNA opposes the motion. *See* ECF No. 38 ("Opp."). The Court finds the motion suitable for disposition without oral argument and VACATES the hearing set for June 22, 2023. *See* Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Plaintiff's Motion.

**I.    BACKGROUND**

On or about April 4, 2020, Plaintiff purchased a 2017 BMW M4 covered by BMWNA's express warranty. Compl. ¶¶ 5, 9. Plaintiff alleges the vehicle is defective. *Id.* ¶ 10. He claims that he brought the vehicle to BMWNA's authorized repair facilities on numerous occasions, first to Stevens Creek approximately twenty-three days after he initially purchased it. *Id.* ¶¶ 10-11, 32. Plaintiff further alleges that each attempted repair was unsuccessful. *Id.* ¶ 12. Pointing to the

1    BMWNA's authorized repair facilities' failure to adequately repair the defect, Plaintiff brings two
2    claims against BMWNA for breach of express warranty under California's Uniform Commercial
3    Code and breach of the MMWA. *Id.* ¶¶ 7-29. Plaintiff also asserts a negligent repair claim
4    against Stevens Creek premised on its alleged failure to repair the vehicle. *Id.* ¶¶ 30-36.

5          Plaintiff filed the Complaint in Santa Clara County Superior Court on January 13, 2021.
6    *See* Compl. BMWNA removed the case to this Court on March 24, 2021. ECF 1 at 1. On July
7    29, 2021, the Court set the last day to amend the pleadings under Federal Rule of Civil Procedure
8    15 for September 27, 2021. *See* ECF No. 19 ("Scheduling Order").

9          In August 2022, Plaintiff deposed BMWNA's Rule 30(b)(6) witness. Declaration of
10   Joshua Ullman, ECF No. 36-1 ("Ullman Decl.") ¶ 3. BMWNA then subpoenaed Carmax for all
11   records relating to the sale of the vehicle to Plaintiff. *Id.* Plaintiff's attorney sought from
12   BMWNA, through written discovery requests, the reasoning for their document subpoena to
13   Carmax. *Id.* BMWNA informed Plaintiff that it did not have enough information to provide a
14   response because it had not yet deposed Plaintiff or conducted a legal vehicle inspection. *Id.*
15   BMWNA deposed Plaintiff on December 27, 2022. *Id.* ¶ 4. During the deposition, which
16   BMWNA had continued from the previously scheduled July 21, 2022 date, BMWNA asked
17   Plaintiff about "the purchase of the vehicle at Carmax, whether Carmax disclosed to Plaintiff that
18   the vehicle has previously been in an accident, any warranties Carmax provided Plaintiff at the
19   time of sale, whether Carmax performed repairs on the vehicle, and why Plaintiff did not return
20   the vehicle to Carmax based on a purported non-disclosure of vehicle modifications." *Id.* ¶ 4;
21   Reply at 2. On January 23, 2023, Plaintiff's attorney met and conferred with BMWNA by phone
22   and email, requesting that BMWNA stipulate to allowing Plaintiff to add Carmax as a defendant.
23   *Id.* ¶ 5, Ex. 1. BMWNA refused to stipulate. *Id.* Plaintiff filed the instant motion seeking leave to
24   amend on February 14, 2023. *See* Mot.

25   **II.   LEGAL STANDARD**

26         Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a
27   matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the
28   pleadings is allowed with the opposing party's consent or leave of the court. Fed. R. Civ. P.

2

15(a)(2). The factors considered when determining whether to grant leave to amend include: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi v. City of Palo Alto*, No. 09–CV–02655–LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cnty.*, No. 14–cv–00468–KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . , Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

### III. DISCUSSION

Two issues are before the Court: (1) whether Plaintiff has shown good cause to amend the scheduling order under Rule 16 and (2) whether Plaintiff has shown that his proposed amendment to the Complaint is proper under Rule 15. The Court considers each issue in turn.

#### A. Leave to Amend Scheduling Order under Rule 16

Plaintiff argues that good cause exists for allowing his proposed amendment because he recently learned through discovery that the addition of Carmax is necessary. Mot. at 5-6. He

3

1  notes that he only learned that Carmax would be a necessary defendant through recent discovery,
2  and he further argues that adding Carmax would be in furtherance of justice.  *Id.*  BMWNA
3  counters that Plaintiff has not shown good cause because the motion is unduly delayed—almost 18
4  months after the original deadline for amending the complaint.  Opp. at 4-5.  BMWNA argues that
5  Plaintiff was not diligent seeking to amend the complaint, as Plaintiff knew he purchased the
6  vehicle from Carmax when he filed suit.  *Id.*  BMWNA also argues that the addition of a new
7  party would require another round of discovery.  *Id.* at 5.

8  As stated above, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of
9  the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  Here, the Court determines that
10 Plaintiff was diligent.  While substantial time has passed since the original amendment deadline,
11 Plaintiff has shown that he learned about BMWNA's theory as to Carmax through the discovery
12 process in December 2022, and that information necessitated adding Carmax as a defendant.
13 Further, adding Carmax as a defendant would be in the interest of justice.  And any prejudice to
14 BMWNA would be minimal.  While some additional discovery will be necessary, BMWNA has
15 already issued some subpoenas to Carmax, and the deadline for hearing dispositive motions is four
16 months away.

17 Accordingly, the Court finds that Plaintiff has shown good cause under Federal Rule of
18 Civil Procedure 16 for leave to amend the scheduling order.

19      **B.     Leave to Amend Complaint under Rule 15(a)(2)**

20 The remaining question before the Court is whether Plaintiff has shown that amendment of
21 the Complaint is appropriate under Federal Rule of Civil Procedure 15(a)(2).  As stated above, the
22 Court will consider "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the
23 opposing party; and (4) futility of the proposed amendment."  *Ciampi*, 2010 WL 5174013, at *2
24 (citing *Foman,* 371 U.S. at 182).

25 BMWNA argues that Lawson has shown bad faith, that there is undue delay in the filing of
26 the motion, and that it would be substantially prejudiced by the granting of the motion.  Opp. at 2.
27 BMWNA makes much of the fact that almost 18 months had passed after the deadline for
28 amending the complaint before Plaintiff filed the motion.  *Id.* at 4.  It also argues that Plaintiff was

4

aware from the outset of the case that Carmax would have been liable as the seller of the vehicle. *Id.* at 4-5. As to prejudice, BMWNA points to the fact that the addition of a new party would require another round of discovery. *Id.* at 5.

The Court first notes that there is no indication of bad faith or dilatory motive. And while substantial time has passed since the deadline for amendment, Plaintiff has explained the delay—he learned new information about BMWNA's theory of defense in late 2022 through discovery. *See* Mot. at 6; Reply at 3. And, as discussed above, the Court determines that any prejudice to BMWNA is minimal.

The Court finds that Plaintiff's amendment is proper under Rule 15(a)(2).

**IV.   ORDER**

Based on the above reasoning, the Court GRANTS Plaintiff's motion. Plaintiff SHALL file his First Amended Complaint by March 17, 2023.

Dated: March 13, 2023

BETH LABSON FREEMAN
United States District Judge

5