UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LAWSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BMW OF NORTH AMERICA LLC, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-02063-BLF<br><br>**ORDER GRANTING DEFENDANT CARMAX'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 47] |

Plaintiff Michael Lawson ("Plaintiff") brings this action against BMW of North America ("BMWNA"); Stevens Creek B, Inc. ("Stevens Creek"); and CarMax Auto Superstores, Inc. ("CarMax"), alleging negligent repair and restitution by Stevens Creek, breach of express warranty by BMWNA, and violation of the Magnuson-Moss Warranty Act ("MMWA") by BMWNA and CarMax. ECF No. 41 ("FAC").

Before the Court is Defendant CarMax's motion to dismiss. *See* ECF No. 47 ("MTD"); *see also* ECF No. 49 ("Reply"). Plaintiff opposes the motion. *See* ECF No. 48 ("Opp."). The Court finds the motion suitable for disposition without oral argument and VACATES the hearing set for August 24, 2023. *See* Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendant CarMax's motion to dismiss WITH LEAVE TO AMEND.

**I.　BACKGROUND**

On or about April 4, 2020, Plaintiff purchased a 2017 BMW M4 covered by BMWNA's express warranty. FAC ¶¶ 5, 9. Plaintiff alleges the vehicle is defective. *Id.* ¶ 10. He claims that he brought the vehicle to BMWNA's authorized repair facilities on numerous occasions, first to Stevens Creek approximately twenty-three days after he initially purchased it. *Id.* ¶¶ 10-11, 32. Plaintiff further alleges that each attempted repair was unsuccessful. *Id.* ¶ 12. Pointing to the

BMWNA's authorized repair facilities' failure to adequately repair the defect, Plaintiff brings two claims against BMWNA for breach of express warranty under California's Uniform Commercial Code and breach of the MMWA. *Id.* ¶¶ 7-29. Plaintiff also brings his claim for breach of the MMWA against CarMax. *Id.* ¶¶ 17-29. Plaintiff asserts a negligent repair claim against Stevens Creek premised on its alleged failure to repair the vehicle. *Id.* ¶¶ 30-36.

Plaintiff filed the Complaint in Santa Clara County Superior Court on January 13, 2021. *See* ECF No. 1, Ex. A. BMWNA removed the case to this Court on March 24, 2021. ECF No. 1 at 1. On March 13, 2023, the Court issued an Order granting Plaintiff leave to amend the Complaint to add CarMax as a Defendant. ECF No. 40. On March 15, 2023, Plaintiff filed the FAC. *See* FAC. On March 29, 2023, BMWNA filed an Answer. ECF No. 42. On April 26, 2023, CarMax filed the instant motion. *See* MTD.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir.

2

1  2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman*
2  factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure
3  deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of
4  amendment.  *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the
5  opposing party that carries the greatest weight."  *Id.*  However, a strong showing with respect to
6  one of the other factors may warrant denial of leave to amend.  *Id.*

**III.  DISCUSSION**

CarMax argues that the sole claim against it—for breach of the MMWA—should be dismissed.  MTD at 1.  CarMax argues that the MMWA claim must fail because Plaintiff does not bring a separate state warranty claim against CarMax, which the MMWA requires.  *Id.* at 3-4. CarMax further argues that Plaintiff cannot assert a breach of warranty claim because he did not provide notice of a breach of warranty claim against CarMax, as required under Utah law, which should apply because Plaintiff purchased the car from CarMax in Utah.  *Id.* at 4-5.

Plaintiff recognizes that the MMWA requires the application of valid state warranty laws. Opp. at 2.  Plaintiff states that the Court's Order granting leave to amend only granted leave to add CarMax as a Defendant, and it did not allow him to add additional factual and legal claims against CarMax.  *Id.*  Plaintiff represents that he has agreed to amend the FAC, but he was not able to obtain consent from BMWNA to file a stipulation to allow him to do so before CarMax filed its motion.  *Id.* at 1-3; Declaration of Joshua Ullman, ECF No. 48-1 ("Ullman Decl.") ¶¶ 2-3, Exs. 1-2.  Plaintiff further argues that he can allege a claim against CarMax for violation of Utah warranty law.  Opp. at 3-5.

The parties thus agree that Plaintiff cannot bring a standalone MMWA claim against CarMax without also bringing a state law warranty claim.  *See* MTD at 3-4; Opp. at 1-3. CarMax's motion to dismiss is therefore GRANTED.  *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 832-33 (2006) ("Magnuson–Moss 'calls for the application of state written and implied warranty law, not the creation of additional federal law,' except in specific instances in which it expressly prescribes a regulating rule." (quoting *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986))).

3

The issue over which the parties disagree is whether the Court should grant leave to amend. CarMax argues that the Court should not grant leave to amend because "even if Plaintiff were to allege that CarMax provided him with a warranty at sale, he failed to meet the notice requirements to bring a claim for breach of warranty under Utah law." MTD at 5. "Under Utah law, a buyer asserting a claim for breach of warranty 'must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy.'" *Martinez v. Nissan N. Am., Inc.*, No. 1:21-cv-157-DBB, 2022 WL 1063735, at *2 (D. Utah Apr. 8, 2022) (quoting Utah Code Ann. § 70A-2-607(3)(a)). Plaintiff counters that his claim is timely, as it is brought within the statute of limitations. Opp. at 4. He further argues that *Martinez*, the case cited by CarMax, is not binding on this Court and "offers no support that overcomes Utah's express law that confirm Plaintiff's claims are timely." *Id.* at 4-5. In Reply, CarMax notes that *Martinez* cites from the Utah Uniform Commercial Code, which states: "Where a tender has been accepted [] the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Utah Code Ann. § 70A-2-607(3)(a); *see* Reply at 3. And, CarMax argues, the Utah statute is binding on this Court. *Id.* CarMax asserts that Plaintiff failed to comply with this notice requirement, and he is therefore barred from asserting a breach of warranty claim against CarMax. Reply at 3-4. Thus, CarMax argues, the Court should not grant leave to amend. *Id.*

As stated above, a district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. In evaluating the *Foman* factors, the Court finds it is a close call as to futility. The Court must apply Utah law, which again provides: "Where a tender has been accepted [] the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Utah Code Ann. § 70A-2-607(3)(a). Plaintiff has not argued that he has provided any such notice to CarMax. That being said, the Court recognizes that Plaintiff has not yet had the opportunity to add factual allegations or any additional legal claims against CarMax. Without seeing the

4

allegations, the Court cannot say for sure that Plaintiff cannot state a claim, and it therefore declines to find that amendment is futile. The Court will therefore GRANT LEAVE TO AMEND. That being said, in deciding whether to amend, Plaintiff should carefully consider whether he can bring a breach of warranty claim against CarMax in light of the statutory notice requirement.

## IV. ORDER

Based on the above reasoning, the Court GRANTS CarMax's motion to dismiss. This dismissal is WITH LEAVE TO AMEND. Plaintiff SHALL file his Second Amended Complaint within 30 days.

Dated:  August 9, 2023

_____
BETH LABSON FREEMAN
United States District Judge