**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL LAWSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-02063-BLF<br><br>**ORDER DENYING DEFENDANT BMW OF NORTH AMERICA LLC'S EX PARTE APPLICATION FOR CONTINUANCE OF TRIAL AND RELIEF FROM CASE SCHEDULE**<br><br>[Re: ECF 54] |

Defendant BMW of North America LLC ("BMW NA") has filed an ex parte application to continue the trial, currently set for December 11, 2023, and for relief from all other dates set in the case, including the fact discovery cut-off and deadlines for expert disclosures and expert discovery. *See* Def. BMW NA's Applic., ECF 54. The Court finds that no response is necessary and that the application is suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b).

The ex parte application is DENIED for the reasons discussed below.

**I.   BACKGROUND**

*Complaint and Removal*

Plaintiff Michael Lawson filed this action against Defendants BMW NA and Stevens Creek B, Inc. in the Santa Clara County Superior Court, asserting breach of warranty and related claims arising out of his purchase of an allegedly defective BMW vehicle. *See* Not. of Removal Ex. A (complaint), ECF 1-1. BMW NA answered the complaint while the action was pending in state court and thereafter removed it to federal district court on March 24, 2021. *See* Not. of Removal, ECF 1.

*Case Schedule*

This Court held an initial case management conference on July 29, 2021. *See* Minute Entry, ECF 18. The Court set the following dates orally on the record and issued a Case Management Order dated July 29, 2021 confirming those dates: last day to hear dispositive motions – July 13, 2023; final pretrial conference – November 16, 2023; trial – December 11, 2023. *See* Case Management Order, ECF 19. The Court directed the parties to submit proposed dates for the remainder of the case schedule, including discovery cut-offs and expert disclosure deadlines, by August 13, 2021. *See id.*

On August 13, 2021, the parties submitted a Stipulation Regarding Case Deadlines Pursuant to the Court's Case Management Order. *See* Stip., ECF 20. On August 16, 2021, the Court issued an order approving the parties' stipulation, and specifically approving the following deadlines proposed by the parties: "Discovery Cutoff – September 12, 2023; Expert Disclosures – August 12, 2023; Expert Discovery Cutoff – October 12, 2023; Discovery Motion Cutoff – September 19, 2023, and; Expert Discovery Motion Cutoff – October 19, 2023." Order, ECF 21.

*Motion Practice and Settling the Pleadings*

Plaintiff filed a motion to remand the action to state court, which was denied by order issued October 14, 2021. *See* Order Denying Mot. to Remand, ECF 23.

On April 28, 2022, Plaintiff filed a Discovery Dispute Brief asserting that Defendant BMW NA had been uncooperative in producing its Federal Rule of Civil Procedure 30(b)(6) designee for deposition. *See* Pl.'s Discovery Dispute Brief, ECF 27. Plaintiff stated that the testimony of BMW NA's Rule 30(b)(6) witness was essential to preparing for trial and noted that the discovery cut-off was September 12, 2023 and the expert discovery cut-off was October 12, 2023. *See id.* at 2, 5. The discovery dispute became somewhat protracted, requiring Magistrate Judge DeMarchi to issue three separate orders. *See* Orders, ECF 28, 30, 32. Defendant BMW NA represented that it never intended to refuse to cooperate, and that BMW NA's failure to offer dates for the deposition of its Rule 30(b)(6) witness was due to a miscommunication or misunderstanding by BMW NA's counsel. *See* Def. BMW NA's Opp., ECF 31. The dispute ultimately was resolved during a discovery hearing held by Magistrate Judge DeMarchi. *See*

2

Minute Entry, ECF 34.

On February 14, 2023, Plaintiff filed a motion for leave to file an amended complaint, seeking to add CarMax Auto Superstores, Inc. ("CarMax") as a defendant. *See* Pl.'s Mot. for Leave, ECF 36. Defendant BMW NA opposed the motion. *See* Def. BMW NA's Opp., ECF 38. The Court granted the motion, and Plaintiff filed the operative first amended complaint ("FAC") on March 15, 2023, asserting claims against three defendants: BMW NA, Sonic – Stevens Creek B, Inc. ("Sonic – Stevens Creek"), and CarMax. *See* Order Granting Mot., ECF 40; FAC, ECF 41.

<u>BMW NA</u>: Defendant BMW NA answered the FAC, thus settling the pleadings as to it. *See* Def. BMW NA's Answer, ECF 42.

<u>Sonic – Stevens Creek</u>: The Court issued an Order to Show Cause why Sonic – Stevens Creek should not be dismissed for failure to prosecute. *See* OSC, ECF 53. The Court noted that more than two years had elapsed since Sonic – Stevens Creek was served with process in March 2021, and that Plaintiff had not taken any action to prosecute the case against Sonic – Stevens Creek during that time. *See id.* On September 20, 2023, Plaintiff filed a declaration of counsel in response to the Order to Show Cause, advising that Sonic – Stevens Creek recently contacted Plaintiff's counsel and claims to have filed an answer to the original complaint in state court. *See* Ullman Decl. ¶¶ 5-6, ECF 55. Plaintiffs' counsel provides a copy of the answer that Sonic – Stevens Creek purportedly filed in state court, which is dated April 26, 2021, *after* the case was removed to federal district court. *See id.* Ex. 1. Plaintiff's counsel further advises that Sonic – Stevens Creek was unaware that the action had been removed to federal district court. *See id.* ¶ 6.

Upon examination of the proof of service filed by Plaintiff in this case, it appears that Sonic – Stevens Creek was served with a summons issued by the Santa Clara County Superior Court, referencing a lawsuit pending in the Santa Clara County Superior Court, two days *after* the action had been removed to federal district court. *See* Proof of Service, ECF 25. It does not appear that Plaintiff ever served Sonic – Stevens Creek with the operative FAC filed in federal district court after removal. Thus, it is unclear to the Court whether Sonic – Stevens Creek has been properly served with process. The Court has directed Plaintiff to provide a supplemental brief regarding the sufficiency of its service on Sonic – Stevens Creek by separate order.

1    CarMax: CarMax filed a motion to dismiss, which was granted on the basis that the only
2    claim asserted against CarMax, brought under the Magnuson-Moss Warranty Act, was not viable
3    absent a companion state law warranty claim. *See* Dismissal Order, ECF 51. The Court granted
4    Plaintiff leave to amend to add a state law warranty against CarMax, and dismissed CarMax from
5    the action when Plaintiff did not amend. *See* Order Dismissing Defendant CarMax, ECF 52.

*BMW NA's Present Motion*

On September 19, 2023, Defendant BMW NA filed the present ex parte application to continue the December 11, 2023 trial date, and for relief from all other dates set in the case. In particular, BMW NA seeks relief from the expert disclosure deadline of August 12, 2023 and the fact discovery cut-off of September 12, 2023, as well as all other discovery-related deadlines.

**II.   DISCUSSION**

BMW NA's application for relief from the case schedule is governed by Federal Rule of Civil Procedure 16. Rule 16 provides in relevant part that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.*

Here, BMW NA asserts two bases for relief from the case schedule. First, BMW NA claims that it never received the Court's August 16, 2021 order adopting the parties' stipulated deadlines for fact and expert discovery, and for that reason never designated an expert in this case. The deadline for expert disclosures, August 12, 2023, has expired. BMW NA submits a declaration of counsel stating that BMW NA did not receive a copy of the August 16, 2021 order when it was issued, and that she saw the order for the first time on September 8, 2023. *See* Oaks Decl. ¶¶ 4, 6, ECF 54-1. Counsel represents that Plaintiff also claims not to have received the Court's August 16, 2021 order. *See id.* ¶ 11. Counsel asserts that BMW NA will be substantially

4

prejudiced if the Court does not grant relief from the case schedule, because BMW NA will have to proceed to trial without a designated expert.

The Court cannot fathom how counsel for BMW NA remained ignorant of the discovery and expert deadlines, which were set two years ago, until this month. The ECF system indicates that the Court's order adopting the parties' proposed discovery and expert deadlines was electronically mailed to the following email addresses on August 16, 2021:

> Ashley E. Oaks    Aoaks@lehrmanlawgroup.com, bdouglas@lehrmanlawgroup.com, ddahlen@lehrmanlawgroup.com, gsagara@lehrmanlawgroup.com, klehrman@lehrmanlawgroup.com, srobertson@lehrmanlawgroup.com
>
> Benson Yeager Douglas    bdouglas@lvcdlaw.com
>
> Joseph Arthur Kaufman    jkaufman@cbmlaw.com
>
> Joshua Ullman    josh.ullman@lemonlawaid.com, joe@lemonlawaid.com
>
> Kate S. Lehrman    klehrman@lehrmanlawgroup.com, astefatos@lehrmanlawgroup.com, ddahlen@lehrmanlawgroup.com, jchinery@lehrmanlawgroup.com, srobertson@lehrmanlawgroup.com, tmay@lehrmanlawgroup.com

Moreover, the Court's order merely adopted the dates proposed by the parties via a stipulation. If BMW NA's counsel never received a ruling on the stipulation, she could have checked the Court's electronic docket at any time in the two years after the stipulation was submitted. There was no reason to wonder whether the Court would adopt the stipulation, and any doubt could have been resolved by reading the docket. Finally, Plaintiff expressly referenced the discovery cut-off of September 12, 2023 and the expert discovery cut-off of October 12, 2023 in his Discovery Dispute Brief filed on April 28, 2022. *See* Pl.'s Discovery Dispute Brief at 5, ECF 27. Even if defense counsel had remained unaware that the Court had adopted the parties' stipulated deadlines, Plaintiff's discovery filing provided notice that those deadlines had been set. In the Court's view, BMW NA's counsel was – at best – careless with respect to the discovery and expert deadlines. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

As a second basis for relief, BMW NA claims that it was confused by the Court's August 9, 2023 order granting CarMax's motion to dismiss with leave to amend. Although the motion

was directed only to the single claim in the FAC asserted against CarMax, BMW NA's counsel claims that she understood the Court's order to dismiss the FAC as to *all* defendants. That claim borders on the frivolous. CarMax did not have any authority to seek dismissal of the FAC as to other defendants, and it is clear from CarMax's motion that it did no such thing. BMW NA already had answered the FAC by the time CarMax filed its motion, thus settling the pleadings as to BMW NA. Finally, the Court's August 9, 2023 order granting CarMax's motion to dismiss was issued only days before the August 12, 2023 deadline for expert disclosures. Thus, any assertion that BMW held off on expert disclosures or other discovery related conduct based on that order appears to be disingenuous.

Based on this record, the Court finds that BMW NA was not diligent in attempting to meet the deadlines established by the Court in 2021, and thus has not shown good cause for relief from the case schedule. BMW NA's application is DENIED.

### III. ORDER

(1) Defendant BMW NA's ex parte application to continue the trial and for relief from the case schedule is DENIED.

(2) This order terminates ECF 54.

Dated: September 20, 2023

BETH LABSON FREEMAN
United States District Judge